[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] Defendant-appellant's name also appears as Jamar Ishmail in portions of the record.
 JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant Jabar Ishmail appeals from his convictions, following a jury trial, for two counts of possession of a controlled substance in violation of R.C. 2925.11(A) and the accompanying firearm specifications. The trial court sentenced Ishamil to a total of nine years' incarceration. Ishmail now raises three assignments of error for our review.
{¶ 3} In his first assignment of error, Ishmail argues that the jury's verdict was against the manifest weight of the evidence. Ishmail's argument in support of this assignment, however, also challenges the sufficiency of the evidence supporting his convictions. Therefore, we address both the weight and the sufficiency of the evidence in this assignment.
{¶ 4} To reverse a conviction as being against the manifest weight of the evidence, this court must review the record, weigh the evidence and all reasonable inferences, and determine that the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
To reverse a conviction on the sufficiency of the evidence, this court must determine, after viewing the evidence in the light most favorable to the state, that a rational trier of fact could not have found the essential elements of the offense to have been proved beyond a reasonable doubt.[3]
{¶ 5} Ishmail contends that his convictions for possession were not supported by the weight or the sufficiency of the evidence because he did not live at his sister's apartment, and therefore, that he could not have possessed the cocaine found there, as required under R.C. 2925.11(A). We disagree.
{¶ 6} R.C. 2925.11(A) provides that "[n]o person shall knowingly * * * possess * * * a controlled substance." Possession is defined as "having control over a thing or substance."[4] Possession, however, "may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."[5] One can possess an item by either actual physical possession or constructive possession.[6] Constructive possession is when one has dominion and control over something, even though the thing may not be in his or her actual physical possession.[7]
{¶ 7} At trial, the state presented evidence that on March 5, 2001, the Cincinnati police sent a confidential informant to an apartment at 404 E. 13th Street to purchase drugs from Jabar Ishmail. The purchase was a controlled buy, closely monitored by several police officers. A few days later, police obtained a warrant and searched the apartment. They found crack cocaine, powder cocaine, a scale, surgical gloves, surgical masks, and a handgun. The cocaine was discovered in a back bedroom where officers also discovered a letter from the Department of Motor Vehicles that was addressed to Ishmail at 404 E. 13th Street and had been postmarked two days prior to the search. Police found the handgun in the kitchen.
{¶ 8} During the trial, Ishmail denied being in or around the apartment for a period of time prior to the controlled buy and the ensuing police search of the apartment. He testified that the apartment was leased to his sister and that he did not live there. Ishmail's sister testified, however, that Ishmail had a key to the apartment; that he kept clothes at the apartment; and that he came to and went from the apartment as he pleased. A confidential informant also testified that he had bought drugs from Ishmail in that apartment many times, and the police testified that they had seen Ishmail come to and go from the same apartment on many occasions. A fellow inmate of Ishmail's at the Justice Center also testified that Ishmail had admitted that the cocaine, the gun, and the drug paraphernalia found in the apartment belonged to him.
{¶ 9} Having reviewed the record, we cannot conclude that the jury, in resolving conflicts in the testimony, clearly lost its way and created such a manifest miscarriage of justice that Ishmail's convictions for possession must be reversed and a new trial ordered. Moreover, the record contains substantial, credible evidence from which reasonable minds could have concluded that the state had proved all the elements for possession of cocaine beyond a reasonable doubt.
{¶ 10} We cannot conclude, however, that the jury's findings on the firearm specifications were supported by the weight or the sufficiency of the evidence. R.C. 2941.14.1 provides for a one-year mandatory prison term when an offender "ha[s] a firearm on or about the offender's person or under the offender's control while committing the offense."
{¶ 11} In this case, the gun was found in the kitchen of an apartment where several people lived; no one saw Ishmail with the gun; and Ishmail did not use the gun. Because the state did not prove that Ishmail had the firearm on about his person or under his control while committing the possession offenses, we must sustain Ishmail's first assignment of error in part.
{¶ 12} In his second assignment of error, Ishmail maintains that the court erred in allowing the testimony of the jailhouse informant, when state did not disclose the informant's name until the morning of trial.
{¶ 13} In State v. Scudder, the Ohio Supreme Court stated that a trial court does not abuse its discretion in allowing a witness not named by the state on a witness list pursuant to Crim.R. 16 to testify, where the record fails to disclose (1) a willful violation of the rule, (2) that foreknowledge would have benefited the accused, or (3) that the accused, was unfairly prejudiced.[8]
{¶ 14} Here, Ishmail was present when any statements were made to this witness. The trial court agreed to grant defense counsel a continuance if defense counsel could demonstrate how the informant's testimony would prejudice Ishmail's case. Because defense failed to show how the informant's testimony would have been prejudicial, the court did not abuse its discretion in allowing the witness to testify. As a result, we overrule the second assignment of error.
{¶ 15} In his third assignment of error, Ishmail argues that the trial court abused its discretion by disallowing his untimely request to present an alibi defense.
{¶ 16} Crim.R. 12.1 requires the defendant to provide a written notice of alibi seven days before trial. A court may, however, ignore this seven-day requirement if, in its discretion, it decides that this would serve the interests of justice.[9]
{¶ 17} Here, we cannot say the court abused its discretion in denying the motion. Ishmail gave his notice of alibi after the state had rested its case, and after he had already called two witnesses to the stand in his own defense. Because defense counsel was unable to demonstrate good cause for the delay, we overrule the third assignment of error. Consequently, we affirm the judgment of the trial court in part, vacate only the sentences imposed on the firearm specifications and remand this case so that the trial court can correct its record to reflect the deletion of the specification sentences.
{¶ 18} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Gorman and Sundermann, JJ.
[2] State v. Thompkins (1997), 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541.
[3] See id.
[4] R.C. 2925.01(K).
[5] Id.
[6] State v. Kobi (1997), 122 Ohio App.3d 160, 174, 701 N.E.2d 420.
[7] State v. Hankerson (1982), 70 Ohio St.2d 87, 434 N.E.2d 1362.
[8] 71 Ohio St.3d 263, 1994-Ohio-298, 643 N.E.2d 524.
[9] Crim.R. 12.1.